**IN THE COURT OF APPEALS OF IOWA**

No. 17-1123
Filed October 11, 2017

**IN THE INTEREST OF A.H.,**
**Minor Child,**

**J.P., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Jasper County, Thomas W. Mott,

Judge.

        A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

        Larry J. Pettigrew of Pettigrew Law Firm, P.C., for appellant mother.

        Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney

General, for appellee State.

        Nicholas Bailey of Bailey Law Firm, P.L.L.C., Altoona, guardian ad litem

for minor child.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, born in 2008. She contends the district court should have (1) returned the child to her care, (2) given her an additional six months to work toward reunification, or (3) found that termination was not in the child's best interests.

## I.  Grounds for Termination

The district court terminated the mother's parental rights to the child on several grounds. We may affirm the termination decision if we find clear and convincing evidence to support any of the cited grounds. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The mother had a lengthy history of methamphetamine abuse while the child was in her care. The child was removed from her care in 2013 but, in light of her progress, was returned the same year.

In early 2016, the child was again removed based on suspected drug use. The child remained out of the mother's care through the termination hearing fifteen months later.

At the hearing, the department of human services caseworker testified that a drug detection patch placed on the mother from July 28, 2016 until August 12, 2016 was positive for methamphetamine and amphetamines. She also stated the mother "was a no-show to quite a few [drug tests], which are considered dirty drug screens." According to the caseworker, the mother admitted to current methamphetamine use.

The mother conceded she last used methamphetamine on the Tuesday before the termination hearing. She did not seek immediate reunification with her

child but a six-month extension to participate in an inpatient drug treatment program. On our de novo review, we conclude the child could not be returned to the mother's custody as set forth in Iowa Code section 232.116(1)(f) (2015), one of the grounds cited by the district court.

## II. Request for Additional Time

A court may grant a parent additional time to work towards reunification. *See* Iowa Code § 232.104(2)(b). The mother argues additional time was warranted because she recently was accepted into an inpatient drug treatment program, the facility would allow her child to stay with her, and she was simply waiting for a bed to open up. The district court denied the mother's request, reasoning that "[h]er history of treatment failures [did] not . . . justify unqualified optimism." The court also questioned whether the child's possible move to the facility "would benefit" the child. The court stated, "If [the mother] should fail this program as she has failed others, the time would come off an already shortened time for the child in a better, stable home." Given the mother's poor prognosis for sustained recovery, we agree with this reasoning. We conclude the district court appropriately denied the request for a six-month extension.

## III. Best Interests of the Child

The mother argues termination was not in the child's best interest in light of the bond she shared with the child. *See P.L.*, 778 N.W.2d at 41. The conceded bond between mother and child could not override the fact that the mother remained an active methamphetamine user who was unable to care for the child in an unsupervised setting. To add to the safety concern, the mother lived with the father at the time of the termination hearing. He previously choked

her.  He also was a regular methamphetamine user.  The mother testified she would seek help if needed, but, after four years of services, she appeared oblivious to the threat he posed to her safety and the safety of her child.  Finally, the child's emotional well-being was compromised by the uncertainty of her placement.  We conclude termination was in the child's best interests.

We affirm the termination of the mother's parental rights to her child.

**AFFIRMED.**